# UNITED STATES DISTRICT COURT

___SOUTHERN_____ District of ___OHIO_____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>Timothy R. Schantz | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:11cr082<br>USM Number: 69536-061<br><br>James Maus, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    2 of the Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 2252(a)(4) and 2252(b)(2) | Possession of Child Pornography | 6/9/2011 | 2 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   1 & 3        ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 2, 2012
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Michael R. Barrett, United States District Judge
Name and Title of Judge

Feby 2, 2012
Date

DEFENDANT: Timothy R. Schantz
CASE NUMBER: 1:11cr082

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 2: One Hundred Twenty (120) months with credit for time served.

X The court makes the following recommendations to the Bureau of Prisons:
  The Defendant be afforded sex offender treatment program (SOTP) provided by FMC Devens, Ayer, MA; should Defendant not be afforded the SOTP a recommendation would be made at the defendants request for FCI Ashland, Ashland, KY.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at ☐ a.m. ☐ p.m. on
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Timothy R. Schantz
CASE NUMBER: 1:11cr082

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Count 2: Life

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

X    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant must participate in random drug testing and treatment at the direction of the United States Probation Officer.

2. The defendant shall also allow the U.S. Probation Officer access to all requested financial information.

3. The defendant is ordered to undergo a sex offender evaluation and participate in treatment as directed by the U.S. Probation Office. He shall submit to a polygraph examinations on a periodic basis at the direction of the U.S. Probation Officer. The cost of the polygraph examinations shall be incurred by the defendant. He shall sign all necessary releases of information so that treatment providers, probation officers, polygraph examiners and others (as necessary) are allowed to communicate openly about the defendant and his relapse prevention plan.

4. The defendant shall register, and keep the registration current, in each jurisdiction where the offender resides, where he is an employee, and where the offender is a student. For initial registration purposes only, the sex offender shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence (42 U.S.C. § 16913(a)).

5. If the state of residence is not accepting sex offender registrations pursuant to the Sex Offender Registration and Notification Act (SORNA) and is unable to accept the offender's registration, the offender must maintain contact with state registration authorities and his or her probation officer to determine when such registration can be accepted. The duty to register may continue after expiration of the offender's federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements the SORNA of 2006. If the offender's supervision transfers to another federal district, the offender's duty to register as required by SORNA shall be governed by that district's policy and the laws of that state.

6. The defendant shall comply with all terms of the Adam Walsh Act.

7. The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

8. The defendant shall be subject to a search of his person, residence, property, storage areas, and any electronic internet access device in his possession or he has access to use during the term of supervised release.

9. During the term of supervised release, the defendant shall not directly or indirectly access the Internet, utilize chat rooms, instant messaging, or send attachment to emails unless required by legitimate employment or education purposes without prior approval by the probation officer. The defendant shall allow the U.S. Probation Office to install hardware or software on his computer so the use of his computer may be monitored. He will inform other users of the computer of the existence of the monitoring equipment. Additionally, the defendant shall abide by a computer monitoring agreement established by the Southern District of Ohio as instructed by the U.S. Probation Office.

10. The defendant shall have no unsupervised contact with a minor, unless approved in advance by the probation officer. Prior to approving the defendant's contact with a minor, the probation officer shall confirm that the minor's parent or guardian is aware of the defendant's federal prosecution and supervision. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc. with whom the defendant must deal in order to obtain ordinary and usual commercial services.

11. The defendant shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc.

12. The defendant shall not possess or view pornography of any kind. The defendant shall not view, listen to, or possess anything sexually explicit or suggestive, including, but not limited to books, videos, magazines, computer files, images, and Internet sites.

13. The defendant shall not rent or use a post office box or storage facility without prior approval of the probation officer, and, if approved, any change must be communicated to the probation officer 72 hours prior to the change.

DEFENDANT: Timothy R. Schantz
CASE NUMBER: 1:11cr082

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 2,500.00 | $ |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ 

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the    X fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Timothy R. Schantz
CASE NUMBER: 1:11cr082

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** X Lump sum payment of $ 2,600.00 due immediately, balance due

☐ not later than _____ , or
X in accordance ☐ C, ☐ D, X E, or X F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** X Payment during the term of supervised release will commence within 30 (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

The Defendant shall pay $25 per quarter while incarcerated if he is working in a NON-UNICOR job. If the Defendant is working in a grade one to four UNICOR job, he shall pay 50% of his monthly pay toward his fine obligation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
See page 7.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Timothy R. Schantz
CASE NUMBER: 1:11cr082

# ADDITIONAL FORFEITED PROPERTY

1. Microsoft X-box, Serial Number 400735232805;

2. Sony Playstation 2, Serial Number FU6733869;

3. Compaq CPU Serial Number CNH6200GMH;

4. Cisco wireless router, Serial Number CSE11J134125;

5. Alcatel Cellular telephone SN 012108004792708;

6. Compact and floppy discs;

7. DVD-Rs and CD-Rs;

8. Various child's artwork, notes and photographs;

9. Various notes and documents;

10. Ruger pistol P89-DC, Serial Number 307-16265;

11. Jennings J-22 pistol, Serial Number 053675;

12. Zip drives, hard drives, compact discs, SD memory cards, floppy discs, VHS tapes, photographs, cassette tapes, documents, all other items agreed to by the parties to be forfeited; and

13. All pornographic material, whether depicting adults or minors or both, and all photographs which depict minors, other than photographs of clothed minor members of the defendant's family.

CRIMINAL CASE NUMBER    1:11cr082

U.S.A. -vs- Timothy R. Schantz

Policy Change, 8/13/01, Restricting Public Disclosure of the Statement of Reasons

THE STATEMENT OF REASONS PAGE IS FILED UNDER SEAL FROM THE ORIGINAL JUDGMENT FILED IN THIS CASE.

THESE PAGES ARE NOT FOR PUBLIC DISCLOSURE; THEREFORE, DISCLOSURE OF THESE DOCUMENTS SHALL BE BY ORDER OF THE COURT ONLY.

JAMES BONINI, CLERK

BY: _____
    Deputy Clerk

DATE: 2/2/12